cans and a one-fifth bottle of whiskey half full were found in the automobile of the defendant. The officers testified to the defendant's reaction to various tests which were administered to him, including a breathalyzer test which registered .17.

The defendant recounted his actions on the evening in question and denied the charges made against him. The defendant also introduced evidence as to his general good character.

The defendant has assigned eleven assignments of error based on twenty-four exceptions.

We have carefully reviewed each of the exceptions discussed in the exhaustive and elaborate brief filed on behalf of the defendant, and we do not find any prejudicial error in the trial. The evidence was ample and sufficient to be submitted to the jury. The instructions of the trial judge to the jury and the course and conduct of the trial as revealed by the record were free from prejudicial error. It was a decision for the twelve jurors, and they found the facts contrary to the defendant. No new principles of law are in any way involved and nothing of interest to the bench or bar would be served by a detailed discussion of the numerous exceptions brought forward. Suffice it to say that we find

No error.

Judges MORRIS and PARKER concur.

---

STATE OF NORTH CAROLINA v. LARRY BALDWIN

No. 7122SC751

(Filed 15 December 1971)

APPEAL by defendant from *Crissman, Judge,* 24 May 1971 Session of Superior Court held in IREDELL County.

This case was consolidated for trial with the case of *State v. William Baldwin* which is the subject of a separate appeal. (See opinion in case No. 7122SC752 by Chief Judge Mallard, filed this date.)

Defendant was charged in a bill of indictment, proper in form, with the armed robbery of Larry Shives and Lola Shives.

---

State v. Baldwin

---

Evidence for the State tended to show that on 6 January 1971, at approximately 8:40 p.m., defendant and his brother, William Baldwin, entered a store being operated by Larry Shives. One of the men put a gun to Shives' throat and threatened to kill him if he moved. The other one struck Shives in the head and rendered him unconscious. Shives' wife, Lola Shives, who was also present, was beaten by defendants about her face, head and breast. Shives regained consciousness as he was being kicked in the ribs and at that time observed money being taken from his pocket. Approximately $3900 was taken from his person and two pistols were removed from his place of business.

Defendant, through his testimony and that of other witnesses, offered evidence tending to establish an alibi.

The jury returned a verdict of guilty and from judgment entered on the verdict defendant appealed.

*Attorney General Morgan by Assistant Attorney General Cole for the State.*

*Pope, McMillan & Bender by William H. McMillan for defendant appellant.*

GRAHAM, Judge.

We have searched the entire record. No error appears therein and we conclude that defendant had a fair trial free from prejudicial error. We hold his appeal to be frivolous.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.